UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



ELIZABETH PITTARD,

      **Plaintiff,**

v.                                                                                                         Civil Action No. 2:17cv71

NANCY A. BERRYHILL
ACTING COMMISSIONER OF SOCIAL SECURITY,

      **Defendant.**

### OPINION AND ORDER

This matter is before the Court on Nancy A. Berryhill's ("Plaintiff's") Objection to Magistrate Judge's Report and Recommendation, Doc. 19, and on Plaintiff's and Defendant Acting Commissioner's ("Defendant") cross-Motions for Summary Judgment, Docs. 15, 17. For the reasons below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"), Doc. 19, in its entirety.

### I.    BACKGROUND

Plaintiff does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets forth, inter alia, the following facts. See Doc. 20 at 1. On July 6, 2012, Plaintiff filed an application for disability insurance benefits alleging that she became disabled on February 1, 2011 due to severe depression, asthma, severe anxiety, scoliosis, and chronic pain. Doc. 19 ("R&R") at 2; R. 155-59, 167-71.[1] After Plaintiff's claims were denied, both initially and upon reconsideration, Plaintiff petitioned for a hearing before an Administrative Law Judge ("ALJ"). R&R at 2; R. 5-9, 68, 83. On June 23, 2015, the ALJ heard

---

[1] Citations are to the administrative record previously filed with the court.

1

Plaintiff's matter, and subsequently issued a decision on July 14, 2015 denying Plaintiff's request for disability benefits. R. 10-28, 30-55.

Plaintiff petitioned the Appeals Council for review of the ALJ's decision, however, the appeals counsel declined to review the ALJ's decision. R. 1-4. Therefore, the ALJ's decision is "the final decision of the Commissioner" for purposes of judicial review. See 42 U.S.C. §§ 405(h), 1383(c)(3); 20 C.F.R. § 404.981.

On March 20, 2017, after exhausting all administrative remedies, Plaintiff filed a complaint with this Court. Doc. 3. On June 5, 2017, the Commissioner answered Plaintiff's complaint. Doc. 8. On July 6, 2017, this Court entered an Order directing Plaintiff to file a motion for summary judgment regarding her contentions, and directing Defendant to file a motion for summary judgment, if so desired. Doc. 11. August 8, 2018, Plaintiff filed her Motion for Summary Judgment and supporting memorandum. Docs. 14, 15. Thereafter, Defendant also filed a Motion for Summary Judgment and opposition to Plaintiff's Motion for Summary Judgment. Docs. 16,17. Plaintiff replied on September 28, 2017. Doc. 18. The magistrate judge issued his report and recommendation ("R&R") on June 8, 2018. On June 22, 2018, Plaintiff filed her objections to the magistrate judge's R&R. Doc. 20. On June 28, 2018, Defendant filed her opposition to Plaintiff's objection. Doc. 21.

## II. STANDARD OF REVIEW

The Court reviews de novo any part of a magistrate judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); see also Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985) (holding that a party can appeal a district court's adoption of a magistrate judge's findings only if the party objected to the R&R). Objections must be "specific and particularized" in order to "train[ ] the attention of both the district court and the court of appeals

upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." U.S. v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). "Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation," which are treated as waivers or failures to object. Hayslett v. Colvin, No. 7:14cv631, 2016 WL 196080, at *2 (W.D. Va. Mar. 30, 2016). The district court reviewing proper objections to the R&R may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In exercising de novo review, the Court analyzes the Commissioner's final decision using the same standard the magistrate judge uses. Specifically, the Court's review of the Commissioner's decision is limited to determining whether it was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Johnson, 434 F.3d at 653 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotation marks omitted) (final alteration in original). Thus, if the Court finds that substantial evidence supported the ALJ's factual findings, even if evidence existed to support contrary findings, the ALJ's factual findings must be upheld. See id.

### III.   THE ALJ'S DECISION

During the hearing before the ALJ on June 23, 2015, Plaintiff and a vocational expert ("VE") testified. R. 30–55. On July 14, 2015, the ALJ issued a written opinion finding that Plaintiff was not disabled under the Act. Id. at 13–25.

The ALJ applied the five-step evaluation process set forth in 20 C.F.R. § 404.1520(a) to determine whether Plaintiff was disabled. R. at 14. Specifically the ALJ considered: 1) whether Plaintiff was engaged in substantial gainful activity; 2) whether Plaintiff had a medically determinable impairment that was severe; 3) whether Plaintiff's impairment met the criteria of an impairment listed in the SSA's listing of official impairments; 4) whether Plaintiff had the residual functional capacity to perform the requirements of her past relevant work; and 5) whether the Plaintiff was able to do any other work based on her residual functional capacity, age, education, and work experience. R. at 14-15.

With regard to the first factor, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 1, 2011. R. at 5. With regard to the second factor, the ALJ determined that Plaintiff had the severe impairments of degenerative disc disease, scoliosis, depression, anxiety, and asthma. Id. With regard to the third factor, the ALJ determined that Plaintiff did not have an impairment that equals the severity of one of the listed impairments in the SSA's list of impairments. R. at 16. With regard to the fourth factor, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work, and that Plaintiff was unable to perform the requirements of her past relevant work. R. at 17-21.

After considering the claimant's age, education, work experience, and residual functional capacity, at the fifth step, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. at 22. Therefore, the ALJ

concluded that a finding of "not disabled" was warranted under the Medical-Vocational Rules, 20 CFR Part 404, Subpart P, Appendix 2 ("the Grid Rules"). R. at 22-23. In doing so, the ALJ stated that Plaintiff's age was "50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date." R. at 21[2]. The ALJ did not assess transferability of job skills because "using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." R. at 22.

IV.     ANALYSIS

A.     Plaintiff's Objection

Plaintiff objects to the portion of the magistrate judge's R&R that recommends that no "borderline age situation exists." Doc. 20 at 1. The magistrate judge determined that Plaintiff was "more than six months away from the next age category at the time of the ALJ's decision and did not present a borderline age situation." Id (citing R&R at 31). However, Plaintiff alleges that the case law does not support a "bright line rule" that six months is the cut-off for finding that a borderline age situation exists, because the case the case law only supports that six months is the "general" rule. Doc. 20 at 3 (citing Parker v. Colvin, 2014 U.S. Dist. LEXIS 129349 (D. Miss. Jun. 30, 2014) (6 months and 7 days); Pelech v. Colvin, 2016 U.S. Dist. LEXIS 21215 (N.D. Ill. Feb. 22, 2016) (6 months and 9 days); Frendt v. Massanari, 2001 U.S. Dist. LEXIS 18063 (N.D. Ill., Nov. 2, 2001) (6 months and 12 days); Istik v. Astrue, 2009 U.S. Dist. LEXIS 11213 (W.D. Pa. 2009) (7 months); Williams v. Bowen, 1987 U.S. Dist. LEXIS 2686 (E.D. Pa. Apr. 6, 1987) (7 months)).

Since Plaintiff was six months and only one week from changing categories at the time of

---

[2] Because Plaintiff met the insured status requirements of the Act through December 31, 2016, the date of the ALJ's decision, and not the "alleged disability onset date" to determine Plaintiff's age. See R&R at 29, n. 10; Woods v. Colvin, 218 F. Supp. 3d 204, 208 (W.D.N.Y. 2016); SSR 83-10, 1983 WL 31251, at *8.

the ALJ's decision, Plaintiff contends that her age at the time of the ALJ's decision should be classified as a borderline age. Id. at 2 (citing R. at 10; 21). Plaintiff's assignment of error is not that the ALJ mechanically applied the Grids Rules, but that the ALJ did not consider whether Plaintiff's age was a borderline age at all. Doc. 20 at 4.

Defendant urges this Court to adopt the Magistrate Judge's recommendation and cites the SSA Program Operations Manual System ("POMS"), which states that the SSA "[c]onsider[s] a few days to a few months to mean a period not to exceed six months." POMS DI 25025.006B. Additionally, Defendant argues that Plaintiff failed to demonstrate "additional vocational adversities" under HALLEX II-5-3-2.

The R&R notes that the ALJ erred in considering Plaintiff's age on the alleged disability onset date as opposed to the date of the ALJ's decision. R&R at 31. However, the R&R recommends that the error was harmless because Plaintiff was more than six months away from the next age category at the time of the ALJ"s decision and did not present a borderline age situation. Id.

B.     **Borderline Age Determination**

When assessing age as a vocational factor within the Grid Rules, 20 C.F.R. § 404.1563 breaks age into four categories: 1) closely approaching retirement age (60-64); (2) advanced age (55-59); (3) closely approaching advanced age (50-54); and (4) younger individual (18-49). R&R at 26. In making his or her determination, an ALJ is not to apply the age categories mechanically in a borderline age situation. Picket v. Astrue, 895 F. Supp. 2d 720, 731; 20 C.F.R. §404.1563(b).

Accordingly, when an individual is "within a few days to a few months of reaching an older age category, and using the older category would result in a determination or decision that

[the individual] is disabled, [the Commissioner] will consider whether to use the older category after evaluating the overall impact of all the factors on [an individual's] case." 20 C.F.R. § 404.1563(b). The Social Security Administration has not given a precise definition for the phrase "within a few days to a few months" but has determined that "[g]enerally, SSA considers a few days to a few months to mean a period not to exceed six months." HALLEX I-2-2-42, 2016 WL 1167001, at *1.

District Courts within the Fourth Circuit have routinely held that a borderline age situation exists when the claimant is less than six months away from the next age category. Horne v. Berryhill, Civil Action No. 6:16-390-RBH-KFM, 2017 U.S. Dist. LEXIS 63706 at *24 (D.S.C. Apr. 24, 2017) (finding that a clear borderline age situation existed when Plaintiff was five months away from turning fifty at the time of the ALJ's decision) (R&R adopted); Ash v. Colvin, Civil Action No. 2:13-CV-47, 2014 U.S. Dist. LEXIS 63171 (N.D.W. Va. Apr. 15, 2014) (finding that a borderline age situation existed when Plaintiff was just over five months away from the next age category) (R&R adopted); Arnett v. Berryhill, No. 1:16cv161, 2017 U.S. Dist. LEXIS 65408 (W.D.N.C. Apr. 4, 2017) (claimant presented borderline age situation when claimant was approximately three months away from next age category) (R&R adopted); Creighton v. Comm'r of SSA, No. 1:16-2023-MGL-SVH, 2017 U.S. Dist. LEXIS 47990 (D.S.C. Mar. 16, 2017) (borderline age situation existed when claimant was within three months from next age category) (R&R adopted); Tanner v. Colvin, No. 4:15-CV-27-FL, 2016 U.S. Dist. LEXIS 18459 (E.D.N.C. Jan. 26, 2016) (borderline age situation at four months) (R&R adopted).

When an ALJ declines to apply a higher age category in a borderline age situation, yet fails to make express findings regarding his decision, district courts within the Fourth Circuit have vacated and remanded the ALJ's decision for the ALJ to make express findings. See

e.g. Pickett v. Astrue, 895 F. Supp. 2d 720, 724 (E.D. Va. 2012) (vacating and remanding the Commissioner's decision for Commissioner to provide explicit analysis where the facts presented "a clear borderline age case" of four months); Campbell v. Colvin, 1:15cv165, 2015 WL 8484457, at *3 (M.D.N.C. Dec. 9, 2015) (remanding decision for the Commissioner to make express findings where claimant was "not quite six months away" from higher age category). However, where the facts clearly indicate that no borderline age situation exists, the courts decline to remand, even where an ALJ has failed to make express findings. See Pruitt v. Berryhill, No. 0:16-3348-TMC-PJG, 2017 U.S. Dist. LEXIS 214519 at *9 (D.S.C. Dec. 21, 2017) (declining to remand on "borderline age" case because no borderline age situation existed when Plaintiff was seven and a half months shy of advanced age) (Report and Recommendation adopted by Pruitt v. Berryhill, Civil Action No. 0:16-03348-TMC, 2018 U.S. Dist. LEXIS 2198 (D.S.C. Jan. 5, 2018)); Amick v. Colvin, No. 5:12-0922, 2013 U.S. Dist. LEXIS 111661 (S.D. W. Va. Aug. 8, 2013) (finding that ALJ did not need to consider whether claimant fit within higher age category where claimant was years away from next age category and no borderline age situation existed).

As noted in the R&R, the Fourth Circuit has never considered a situation where a claimant is more than six months away from the next age category to present a borderline age situation. Additionally, the Court FINDS the authority cited by Defendants from the SSA POMS is persuasive of the determination that "a few days to a few months...mean[s] a period <u>not to exceed six months</u>." Accordingly, although the ALJ erred by using the wrong age to determine Plaintiff's age category within the Grid Rules, the ALJ's error was harmless, because Plaintiff was more than six months away from the next highest age category.

## V. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the Magistrate's Judge's Report and Recommendation, Doc. 20, and **ADOPTS** the Magistrate Judge's Report and Recommendation, Doc. 19. The Court **GRANTS** Defendant's Motion for Summary Judgement, Doc. 17, and **DENIES** Plaintiff's Motion For Summary Judgment, Doc. 15. Finally, the Court **AFFIRMS** the Recommendation of the Magistrate Judge that the final decision of the Acting Commissioner be upheld.

Plaintiff is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 30, 2018